[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON CITATION FOR CONTEMPT (NO. 120)
In this dissolution action, by way of post judgment relief, plaintiff has cited defendant for contempt for failure to pay child support in accordance with the order of the court.
The issues are found for plaintiff as hereinafter stated.
The record indicates that on May 5, 1981, a judgment of dissolution was entered by Honorable Joseph S. Longo, Senior Judge. The judgment which was based upon an agreement between the parties awarded custody of the two children to the plaintiff wife and made the following provisions for child support.
 "And that the Defendant shall pay support in the amount of $65.00 per week per child which will continue until August 31, following each child's graduation from high school or until each child's nineteenth (19th) birthday, whichever is first;"
On January 16, 1990, the judgment was modified so that the parties would share joint custody of their daughter Katherine whose primary residence would be with the defendant father. As a part of this order, support for Katherine was suspended. It was represented that this modification was by agreement to conform the judgment to the fact that Katherine was then living with her father.
By September of 1990, new counsel were representing both parties.
On September 12, 1990, the parties appeared before Family Support Magistrate Katherine Y. Hutchinson. With both counsel present, it was agreed that all orders of child support for the child Erick, who was then living with the plaintiff mother, would be suspended until a continuance date of January 16, 1991, with no arrears to accrue. As part of the CT Page 10259 proceedings on September 12, 1990, Magistrate Hutchinson made the following finding:
 At the time the support orders were entered on May 5, 1981, both children were living with the plaintiff.
 The older child, Katherine, is now living with the defendant.
 The parties agree that the order for child support be suspended to 1/15/91, when Katherine becomes age 18 (no arrearage to accumulate) and that beginning 1/16/91, the order for the child, Erick be reinstated.
 Effective September 12, 1990, the order for child support for the two minor children in the amount of $130 per week is suspended (no arrearage to accumulate). Beginning January 16, 1991, the support order for the minor child, Erick, is reinstated.
The finding is consistent with the representation made by the attorneys to the magistrate in open court. On October 22, 1990, a judge of the Superior Court, Vasington, J., acting pursuant to General Statutes Section 46b-231 (m)(4), approved the magistrate's order effective September 12, 1990, and the judgment was modified as follows:
 "September 12, 1990: The Judgment is hereby modified. The child support order is suspended until January 15, 1991. On January 16, 1991, the $65.00 per week order for child support for Erick shall recommence."
No appeal was taken from the action of the court in modifying the judgment.
Defendant claims that the order of September 12, 1990 requiring that child support be paid to plaintiff for Erick commencing on January 16, 1991 is invalid since it is based upon the eldest child, Katherine, reaching age eighteen (18) on January 15, 1991. Defendant argues that because of the provision of the original judgment, Katherine, reaching age eighteen, was of no significance.
Defendant is correct in arguing that the attainment CT Page 10260 of age eighteen was of no significance under the original judgment. What was before the magistrate and the court on September 12, 1990, however, was not an interpretation of the original judgment, but a stipulation of the parties that the judgment be modified. One aspect of the modification was the child support for Erick would resume on January 16, 1991.
As noted, defendant is correct in his argument that relying on Katherine's eighteenth birthday for a change in circumstances was not contemplated in the original judgment. The order of September 12, 1990, however, is in keeping with the objectives of the judgment. That judgment provided that custody of the minor children would be with plaintiff and defendant would pay child support. The modification of January 16, 1990 did not alter the basic concept. It merely suspended support for one child. The order of September 12, 1990 also involved a temporary suspension.
Accordingly, it is found that defendant is in contempt for failure to pay child support as indicated and an arrearage of $2,730 is found for the period February 16, 1991 to December 1, 1991, and defendant is ordered to pay such arrearage at the rate of $35 per week. No sanctions will be imposed at this time.
In her brief, plaintiff has raised other claims which were not before the Court at the hearing held November 4, 1991. No action will be taken with respect to these claims.
PURTILL, J.